## J. M. EVANS

*v.*

## J. M. PIERCE.

*Filed at Mt. Vernon November 11, 1896.*

APPEALS AND ERRORS—*to what court appeal lies in mandamus when the State is not an interested party.* The Supreme Court has no jurisdiction of an appeal taken directly from the circuit court in an action of *mandamus* by a teacher in the Southern Illinois Normal University to compel the university treasurer to pay his salary, and the court will dismiss the same of its own motion, for want of jurisdiction.

APPEAL from the Circuit Court of Jackson county; the Hon. A. K. VICKERS, Judge, presiding.

F. M. YOUNGBLOOD, and W. A. SCHWARTZ, for appellant.

R. J. McELVAIN, for appellee.

Mr. JUSTICE BAKER delivered the opinion of the court:

J. M. Pierce filed in the Jackson circuit court his petition for a writ of *mandamus* against J. M. Evans. He states in his petition that he has been employed since September 1, 1892, as one of the teachers in the Southern Illinois Normal University at Carbondale, Illinois, at a salary of $1200 per year, payable in monthly installments of $100 each; that said university is owned and controlled by the State of Illinois, and is managed by a board of trustees appointed by the Governor of the State; that the said board of trustees appointed a registrar for said university, whose duty it was to make out the pay-roll for each month of all persons who are teaching or performing other work for said university; that said registrar made and prepared a pay-roll of and for all persons teaching for said university for the month of July, 1893; that said trustees appointed a treasurer for said university, whose duty it was to have the custody and care of

such funds as are appropriated by the legislature of said State for the operating expenses of said university, and to pay the same out to such persons appearing upon the pay-roll of said university so prepared by said registrar. The petition also states that the petitioner was one of the persons so appearing upon the pay-roll of said university for the month of July, 1893, as one of the teachers employed by the said trustees, and that there is due him for said month, as such teacher, the sum of $100; that one J. M. Evans was then, and is now, the treasurer of said university, and that he had on hand then, and has now, funds of said State with which to pay petitioner for his services for said month of July; that said petitioner has demanded of said Evans, as such treasurer, his pay for the month of July aforesaid, and said Evans has refused to pay the same, and petitioner prays for a writ of *mandamus* against said Evans commanding him forthwith to pay petitioner the sum of $100 for the month of July, 1893, etc.

Evans, the defendant, filed his plea and answer, which, among other things, alleges that the funds belonging to the university and in the hands of its treasurer were deposited and kept in the private bank of Richart & Campbell, at Carbondale, Illinois; that on or about the first day of August, 1893, said D. B. Parkinson, as such registrar, presented to him, Evans, treasurer as aforesaid, and with the consent of said Pierce therein, the pay roll of said university and demanded payment thereof; that there appeared to be due on said pay-roll to plaintiff $100, salary for the month of July, 1893; that thereupon the said Evans, at the request of D. B. Parkinson, drew his draft on said Richart & Campbell, payable to said Pierce at sight, for $100, (that being the amount in full then due plaintiff from said university,) and then and there delivered said draft to said Parkinson, which he, Evans, avers said plaintiff accepted through said registrar in full satisfaction of said sum of money then due

him; that at that time said D. B. Parkinson and said plaintiff, Pierce, both resided in the city of Carbondale, which is the same city where the said bank of Richart & Campbell was located; that at that time and up until the 21st day of August, 1893, said Richart & Campbell had funds in their bank out of which said draft could and would have been paid had the same been presented to said bank for payment either by the plaintiff or the said D. B. Parkinson, and that said draft was not presented to the bank of said Richart & Campbell for payment until after the 22d of August, 1893; that said Richart & Campbell failed and suspended payment on the 22d of August, 1893, whereas said Evans avers that because of the failure of said Parkinson and said plaintiff, Pierce, to present said draft for payment to the said bank of Richart & Campbell within a reasonable time after its date, said plaintiff has forfeited all right of action against the defendant for payment thereof, etc.

Such further proceedings were afterwards had in the cause as that final judgment was rendered against the defendant and a peremptory writ of *mandamus* awarded. This appeal was then taken.

We find ourselves unable to avoid the conclusion that the appeal to this court was unadvisedly taken, and that we are without jurisdiction to entertain it. The case does not involve a franchise or freehold, or the validity of a statute, or the construction of the constitution. The State is not interested in it as a party or otherwise, and it does not relate to revenue. Sec. 88 of Practice act, as amended in 1879; Laws of 1879, p. 222; sec. 8 of Appellate Court act, as amended in 1887; Laws of 1887, p. 156.

The appeal is dismissed. Leave is given to withdraw the record, abstracts and briefs from the files.

*Appeal dismissed.*